**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

CASE NUMBER: 8:26-cv-84-KKM-TGW

**STEPHEN ROOME**

**Plaintiff Pro Se**

**V.**

**Bloomin' Brands, Inc. D/B/A FLEMING'S STEAKHOUSE**

**Defendant**



## Complaint

**JURISDICTION, ADMINISTRATIVE EXHAUSTION, AND RIGHT TO SUE**

1. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 2000e-5(f)(3) and 12117.

2. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant arising out of Plaintiff's employment and termination. The EEOC issued a Notice of Right to Sue, which Plaintiff received on or about 12/27/2025. This action is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has therefore exhausted all administrative prerequisites to bringing this action.

3. To the extent Defendant contends that any portion of Plaintiff's claims are untimely, equitable tolling applies. Plaintiff was prevented from filing earlier due to a pending criminal matter directly related to Defendant's conduct, legal advice to refrain from filing while that matter remained unresolved, and circumstances beyond Plaintiff's control that impaired Plaintiff's ability to pursue administrative remedies sooner. Plaintiff acted diligently and in good faith once those barriers were removed.



**FACTUAL ALLEGATIONS**

4. Plaintiff was employed by Defendant and performed job duties satisfactorily. During Plaintiff's employment, Plaintiff was subjected to adverse treatment after engaging in protected activity, including reporting serious workplace safety concerns and discriminatory conduct.

5. Specifically, Plaintiff reported threats made by a coworker that caused Plaintiff to fear for personal safety. Management dismissed the threats as "outside of work," failed to take corrective action, and nevertheless required Plaintiff to report to work despite the known risk. This failure to address credible threats created an unsafe and hostile work environment.

6. Plaintiff also reported gender-based harassment and disparate treatment. In response to Plaintiff's complaints regarding inappropriate conduct by a female coworker, management minimized the behavior and justified the unequal treatment by stating words to the effect of "she's a mom" and expressing sympathy for her circumstances, while Plaintiff received no comparable consideration. Plaintiff was treated less favorably than similarly situated employees based on sex.

7. Plaintiff further disclosed a disability and related limitations to management. Defendant failed to engage in any meaningful interactive process or provide reasonable accommodation, and instead subjected Plaintiff to adverse treatment shortly thereafter.

8. Following Plaintiff's protected complaints regarding safety, discrimination, and workplace conditions, Defendant terminated Plaintiff's employment. The temporal proximity and circumstances surrounding the termination demonstrate a causal connection between Plaintiff's protected activity and the adverse employment action.

**COUNTS**

**9. COUNT I – RETALIATION (Title VII)**

Defendant retaliated against Plaintiff for engaging in protected activity, including reporting workplace safety threats and discriminatory conduct, by subjecting Plaintiff to adverse employment actions, culminating in termination.

**10. COUNT II – SEX / GENDER DISCRIMINATION (Title VII)**

Defendant discriminated against Plaintiff on the basis of sex by treating Plaintiff less favorably than similarly situated employees and by condoning and excusing misconduct based on gender-related stereotypes.

## 11. COUNT III – DISABILITY DISCRIMINATION (ADA)

Defendant discriminated against Plaintiff on the basis of disability by failing to provide reasonable accommodation, failing to engage in the interactive process, and subjecting Plaintiff to adverse employment actions because of Plaintiff's disability.

## 12. COUNT IV – HOSTILE WORK ENVIRONMENT / FAILURE TO MAINTAIN A SAFE WORKPLACE

Defendant permitted and condoned conduct that created a hostile and unsafe work environment, including ignoring credible threats to Plaintiff's safety and retaliating against Plaintiff for reporting those conditions.

## PRAYER FOR RELIEF

13. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and award all relief available under Title VII and the ADA, including but not limited to

- a) back pay
- b) compensatory damages
- c) punitive damages
- d) legal fees and costs
- e) injunctive relief
- f) such other relief as the Court deems just and proper.

DATED this 5th Day of January, 2026

Respectfully submitted,

_/s/_

Stephen Roome, Plaintiff Pro Se

18863 Helios Circle APT 6315

Land O' Lakes, Florida 34638

656-244-5375

StephenRoome6@Gmail.com