**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STEPHEN MICHAEL ROOME,

     Plaintiff,

v.                                              Case No. 8:26-cv-84-KKM-AAS

OS RESTAURANT SERVICES, LLC.,

     Defendant.

_____

## <u>ORDER</u>

In a Report and Recommendation, the United States Magistrate Judge recommends dismissing pro se plaintiff Stephen Michael Roome's amended complaint with prejudice as untimely, or, alternatively, for failure to state a claim. *See* R. & R. (Doc. 11); Am. Compl. (Doc. 4). Roome timely objects. *See* Obj. (Doc. 12). Because Roome fails to show a basis for equitable tolling, I adopt the Report and Recommendation in part and dismiss the complaint with prejudice as time barred. I deny the Amended Motion to Proceed In Forma Pauperis (Doc. 9) as moot.

## I.    BACKGROUND

Roome sues his former employer under Title VII for sex discrimination, under the Americans with Disabilities Act (ADA) for failure to accommodate, and under both statutes for retaliation. *See* Am. Compl. at 6–8. I previously

dismissed his complaint as a shotgun pleading and advised Roome that "the facts alleged are too conclusory and vague to state a cause of action," and thus failed to meet the pleading standards under Federal Rule of Civil Procedure 8(a). *See* (Doc. 3). Roome filed an amended complaint and moves to proceed in forma pauperis. *See* Am. Compl.; Am. Mot. IFP.

Roome previously worked as a server at a restaurant. *See* Obj. at 5. The basis of the ADA claim is his manager's refusal to permit Roome to stay home "due to [a] hurricane and personal hardship," which Roome asserts violated the ADA's requirement to provide a reasonable accommodation for a qualifying disability. Am. Compl. at 7. Regarding the sex discrimination claims, Roome alleges that his managers discriminated against him on the basis of sex by waving off his complaint about a fellow co-worker because she was "a stressed mom." *Id.* Lastly, Roome alleges that he was terminated from his position for reporting the situation above, as well as threatening text messages sent by another co-worker. *See id.* at 6–7. Roome filed exhibits of the text messages, which include demands for Roome's address and demeaning statements. *See* (Doc. 12-1) at 8–13. Roome does not explicitly allege that they relate to sex stereotypes, so the context is unclear. *See id.*

Prior to filing this suit, Roome filed charges with the Equal Employment Opportunity Commission (EEOC) on December 1, 2025, more than 300 days after October 12, 2024, the latest date of any allegedly discriminatory act. *See*

2

Am. Compl. at 4–5; R. & R. at 5. As a result, the magistrate judge concludes that his claims are untimely. R. & R. at 5. Anticipating this issue, Roome's amended complaint seeks equitable tolling, but simply asserts that "a pending criminal matter directly related to the defendant[']s conduct prevented earlier filing." Am. Compl. at 9.

The magistrate judge recommends denying the request for tolling because Roome fails to show an extraordinary circumstance to justify equitable relief. The magistrate judge reasons that Roome's "assertion is impermissibly vague," does not clarify the identity of the defendants or the criminal matter, and "fails to explain how this purported circumstance 'prevented' the plaintiff from timely filing." R. & R. at 6.

In response, Roome provides some details about the criminal case. Roome clarifies that he was a criminal defendant and, under advice of counsel, decided against making any statements to the EEOC concerning these events because doing so risked prejudicing him in the criminal matter. Obj. at 8–9. He also raises a new argument for tolling, namely that his mental health rendered him unable to file a competent complaint. *Id.* at 9.

## II.    LEGAL STANDARDS

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a

3

timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review of that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even absent an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

### III.   ANALYSIS

I adopt the report and recommendation in part. Because Roome does not allege a meritorious basis for tolling even after accepting his new allegations in his objection, I dismiss the complaint with prejudice.

#### A. Roome's claims are untimely

As the magistrate judge notes—and Roome does not contest—Roome missed the deadline to file charges with the EEOC. R. & R. at 5; *see* Obj. at 8. Roome needed to file no later than August 8, 2025, and likely even earlier depending on the claim.[1] *See Jimenez v. U.S. Att'y Gen.*, 146 F.4th 972, 992 (11th Cir. 2025) (explaining the difference in accrual dates between claims based on discrete discrimination alone and those based on a hostile work environment); *see id.* at 993 ("The limitations period for any 'separate

---

[1] Roome alleges that different discriminatory acts occurred on different dates in October 2024. *See* Am. Compl. at 4. Because his claims are untimely regardless of the specific date in October, I start the limitations clock on October 12, 2024.

4

underlying claim of discrimination' begins running 'when that claim accrues.' "
(quoting *Green v. Brennan*, 578 U.S. 547, 563 (2016))).

### B. Roome fails to show that the pendency of a related criminal case was an extraordinary circumstance

In his objection, Roome argues that his status as a defendant in a related criminal case qualifies as an extraordinary circumstance that justifies equitable tolling. He fails to persuade.

"A plaintiff who seeks equitable tolling must satisfy two prerequisites: he must show both that (1) he pursued his rights diligently and (2) an extraordinary circumstance prevented timely filing." *Beazer v. Richmond Cnty. Constructors, LLC*, 169 F.4th 1082, 1086 (11th Cir. 2026). "The party seeking equitable tolling has the burden of proof." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016). "[A]lthough he need not make any allegations about equitable tolling in his complaint . . . . [a] plaintiff nonetheless can plead himself out of court by alleging facts that foreclose a finding of diligence or extraordinary circumstances, both of which are required for equitable tolling." *Id.* An extraordinary circumstance must be "both beyond [a plaintiff's] control and unavoidable even with diligence." *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) (citation modified).

Even considering the new allegations in the objection, details on the criminal case are sparse. Roome asserts that the "employment events and

accusations . . . were intertwined with the criminal matter," though he does not explain how. *See* Obj. at 8–9. He provides a copy of a clerk's certificate of disposition from the case. *See* Certificate (Doc. 12-1) at 2. It shows that Roome was charged in Hillsborough County state court for committing aggravated assault with a deadly weapon with an offense date of October 28, 2024, and an arrest date of February 27, 2025. *See id.* Roome entered a written plea of not guilty, and the charge was nolle prosed with a "disposition date" of October 27, 2025. *See id.*; *see also* Obj. at 8.

In response to the report and recommendation, Roome justifies tolling based on his legal strategy. Specifically, "in late May 2025," Roome's criminal defense counsel advised him to refrain from "fil[ing] complaints, a civil suit or mak[ing] statements about the matter while the criminal case remained active." Obj. at 8. Likewise, Roome "was advised" (possibly by his lawyer but it is not clear) "that juries were unpredictable and that he faced up to five years in prison if the matter proceeded to trial." *Id.* at 9.

These reasons plainly fail to justify equitable tolling. Indeed, Roome explains why he elected not to file charges with the EEOC out of his own best interest in resolving the criminal matter. Those facts do not show diligence or extraordinary circumstances, but instead calculated litigation strategy. Nor does Roome explain why he forewent filing with the EEOC before he was

6

criminally charged. Thus, Roome fails to show an extraordinary circumstance to warrant tolling.

### C. Roome fails to show that his mental health was an extraordinary circumstance

In response to the report and recommendation, Roome also offers a new basis for tolling. Roome avers that he could not "competently put together all of the facts and circumstances" to file a complaint any earlier because of his mental health, including his "bipolar disorder and depression difficulties," which "substantially worsened during the relevant period due to the combination of termination, the criminal case, and hurricane-related hardship." Obj. at 9. Roome provides no other details about his mental health. As a result, he fails to plausibly allege a basis for equitable tolling.

"[M]ental impairment is not per se a reason to toll a statute of limitations." *James v. Sec'y, Dep't of Corr.*, No. 24-14162, 2025 WL 839149, at *2 (11th Cir. Feb. 3, 2025) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam)), *cert. denied sub nom. James v. Dixon*, 145 S. Ct. 1351 (2025). To be sure, it "can be an extraordinary circumstance that warrants equitable tolling," but only "if a plaintiff establishes a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Stamper*, 863 F.3d at 1342 (finding that the evidence belied a plaintiff's claim that her catatonic schizophrenia prevented timely filing when she contacted

an attorney hotline and performed other routine tasks during the limitations period). As one example, in *Hunter v. Ferrell*, an Eleventh Circuit panel "found that an evidentiary hearing was necessary where the petitioner's evidence of his significant, irreversible mental retardation and illiteracy raised a factual issue as to whether his mental impairment affected his ability to timely file a federal the petition." *Spears v. Warden*, 605 F. App'x 900, 905 (11th Cir. 2015) (per curiam) (describing *Ferrell*, 587 F. 3d 1304).

Roome bears the burden of demonstrating a causal connection. A conclusory assertion that his mental health impeded his ability to compile a complaint, without more, does not suffice. Roome does not provide any medical records or describe his symptoms. *See* Obj. He offers no timeline as to the severity of his mental health issues over the nearly fourteen-month period between the alleged discrimination and his filing charges with the EEOC.

To the contrary, the minimal details that Roome does offer indicate that he had minimal competency. *See* Obj. at 8–9 (describing conferral with criminal defense counsel on legal strategy in May 2025). Notably, Roome does not suggest that he tried and failed to put together a complaint during the limitations period. Roome fails to demonstrate an extraordinary circumstance to justify tolling. *Cf. Lewis v. Broward Cnty. Sch. Bd.*, 489 F. App'x 297, 299 (11th Cir. 2012) (per curiam) (affirming a district court's sua sponte dismissal under § 1915(e)(2)(B)(ii) and rejection of equitable tolling for mental

incompetence because the plaintiff "failed to dispute" the court's findings "or make any showing that he was unable to file a petition within [the limitations period]").

### D. Roome fails to show diligence

The amended complaint does not provide any facts to assess diligence apart from the December 1, 2025 filing date. Thus, although the magistrate judge noted that diligence is a requirement for tolling, he did not assess whether Roome met it here. *See* R. & R. at 6. In response, Roome maintains that he "acted diligently once the barrier of the criminal case was lifted" by "submitt[ing] an EEOC inquiry on November 19, 2025, which was approximately 23 days after the nolle prosequi." Obj. at 9. Roome does not allege any effort to assert his rights during the limitations period. He fails to demonstrate diligence.

### IV.    CONCLUSION

I dismiss Roome's claims with prejudice as untimely. I do not assess whether dismissal is warranted based on the alternative grounds provided by the magistrate judge.

Accordingly, the following is **ORDERED**:

1.    The Report and Recommendation (Doc. 11) is **ADOPTED in part** as described above and made a part of this Order for all purposes.

2.    Plaintiff's Objections (Doc. 12) are **OVERRULED**.

3.  The Amended Complaint (Doc. 4) is **DISMISSED with prejudice**.

4.  The Motion to Proceed In Forma Pauperis (Doc. 9) is **DENIED as moot**.

5.  The Clerk is directed to **ENTER JUDGMENT**, which shall read "This action is dismissed without prejudice," **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, June 16, 2026.

Kathryn Kimball Mizelle
United States District Judge

10